THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

                                                  Cr. No. 93-310-HA

      v.

LARRY STEVEN MALONE,                    ORDER

        Defendant/Petitioner.

HAGGERTY, Chief Judge:

        On May 28, 2008, petitioner was ordered to show cause in writing no later than July 2, 2008, why this matter should not be dismissed with prejudice. Petitioner complied with this Order by filing a Reply brief.

        In this briefing, petitioner clarified that his underlying motion – a "Motion for Modification of Sentence by a Person in Federal Custody - Pro Se" [504] – should not be construed as a habeas petition but instead as a pleading pursuant to 18 U.S.C. § 3582(c)(2).

1 - ORDER

Petitioner' request that his pleading not be construed as a habeas petition is granted. Petitioner's assertion that he is entitled to a modification of his sentence because of the retroactivity of an amendment to the Sentencing Guidelines is analyzed.

**ANALYSIS**

Petitioner was convicted of multiple counts involving a conspiracy to manufacture, possession with intent to distribute and distribution of methamphetamine, and also involving use of a firearm in drug trafficking. Following petitioner's appeal of his criminal convictions to the United States Court of Appeals for the Ninth Circuit, petitioner's conviction under Count Six (and co-defendant George Michael Gray's conviction under Count Seven) were reversed. All other convictions and sentences were affirmed in their entirety, but the case was remanded to this court for further proceedings on the remanded counts. *United States v. Scrivner*, 1997 WL 312434 (9th Cir. 1997).

The remanded counts charged petitioner and Gray with use of a firearm in drug trafficking pursuant to 18 U.S.C. § 924(c). On March 10, 1998, this court granted a motion dismissing Count Six from petitioner's indictment. The firearm count was similarly dismissed from Gray's indictment.

Petitioner's Motion for Modification of Sentence contends that an amendment to U.S.S.G. § 2K2.4, referred to as Amendment 599, should result in a modification of his sentence. Amendment 599 changed the language in Application Note 2 of the Commentary to § 2K2.4. Amendment 599 became effective on November 1, 2000, and intended to clarify "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive a weapon enhancements

2 - ORDER

contained in the guidelines for those offenses." U.S.S.G., App. C, Vol. II, amend. 599 (2003) (reason for amendment).

Amendment 599 "directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." The reasons for Amendment 599 are to "avoid unwarranted disparity and duplicative punishment" and also to "conform application of the guideline weapon enhancements with general principle guidelines." *Id*.

Because petitioner is no longer convicted of a 18 U.S.C. § 924(c) violation, the possible retroactive applicability of Amendment 599 is moot. However, petitioner is entitled to an Amended Judgment reflecting changes after his firearm violation charge was dismissed. Similar changes were made to co-defendant Gray's Judgment in the wake of the dismissal of his firearm count.

Co-defendant Gray successfully advanced a motion to correct his Judgment after his firearm violation was dismissed. This motion was granted and an Amended Judgment was issued that reflected the proper convictions and sentences pertaining to Gray.

In the interests of ensuring consistent, proper administration of justice, petitioner's Motion for Modification of Sentence [504] is denied in part and granted in part. Petitioner's contention that Amendment 599 is applicable and requires his sentence to be modified is denied. To ensure that the dismissal of petitioner's firearm violation is reflected properly, however, petitioner's Motion will be construed in part as a request to correct his sentence, and an Amended Judgment will issue.

**CONCLUSION**

This court concludes that it is in the interest of justice that petitioner's Motion for Modification of Sentence [504] be liberally construed as a Motion for a Corrected Judgment. The motion is denied in part and granted in part. The contention that Amendment 599 is applicable and requires sentence modification is denied. To ensure that the prior dismissal of the firearm count is reflected properly, however, an Amended Judgment will issue that reflects petitioner Larry Steven Malone's convictions, the dismissal of Count Six (firearm violation), and the proper sentencing thereto.

IT IS SO ORDERED

DATED this  16   day of January, 2009.

                         /s/ Ancer L. Haggerty         
                        Ancer L. Haggerty
                        United States District Judge